NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL TORRES,

        Plaintiff - Appellant,

and

EMSURGCARE, EMERGENCY
SURGICAL ASSISTANT,

        Plaintiffs,

  v.

UNITEDHEALTHCARE INSURANCE
COMPANY,

        Defendant - Appellee,

and

KARL STORZ ENDOSCOPY-AMERICA,
INC.,

        Defendant.

No. 24-4502

D.C. No.
2:23-cv-01533-KK-SK

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Argued and Submitted October 20, 2025
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Daniel Torres ("Torres") appeals the district court's order granting judgment to Defendant-Appellee UnitedHealthcare Insurance Company ("United") in a lawsuit Torres filed to challenge United's denial of benefits. Torres alleges two points of error on appeal. First, Torres argues that the district court erred by reviewing Torres's claim for abuse of discretion rather than de novo after concluding that Section 10110.6 of the California Insurance Code did not apply to health insurance policies. Second, Torres argues that the district court abused its discretion by denying Torres's untimely motion to amend his complaint.

We have jurisdiction to review the district court's final decision under 28 U.S.C. § 1291. We review a district court's choice of the standard of review de novo and its denial of leave to amend pleadings for abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006); *Kamal v. Eden Creamery*, LLC, 88 F.4th 1268, 1275 (9th Cir. 2023). We affirm in part and vacate and remand in part.

1. The district court erred by adopting an interpretation of Section 10110.6 inconsistent with the interpretation of California's intermediate appellate courts.

2                                                   24-4502

Section 10110.6 of the California Insurance Code voids any discretionary-review clause in a policy for "life insurance or disability insurance" and requires that claims related to such policies be reviewed de novo. Cal. Ins. Code § 10110.6(a); *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). California's intermediate appellate courts have repeatedly observed that health insurance is a form of disability insurance for purposes of the California Insurance Code. *See, e.g., Ticconi v. Blue Shield of Cal. Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 539 n.7 (2008), *petition for review denied*, 2008 Cal. LEXIS 7013 (June 11, 2008) ("[H]ealth insurance … is a type of disability insurance."); *Nieto v. Blue Shield of California Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 79 n.4 (2010) ("[H]ealth insurance is a type of disability insurance."); *Blue Shield of California Life & Health Ins. Co. v. Superior Ct.*, 192 Cal. App. 4th 727, 733 (2011) ("Health insurance policies are considered a form of disability insurance.").

When a state's highest court has not interpreted a provision of state law, "a federal court is obligated to follow the decisions of the state's intermediate appellate courts" absent "convincing evidence that the state supreme court would decide differently." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). Because the district court did not follow California's intermediate appellate courts' interpretation of state law, the district court failed to treat the

discretionary-review clause in the health insurance policy at issue as void and improperly reviewed Torres's claim for abuse of discretion when it should have reviewed his claim de novo.

The district court's analysis of the "the plain language of the statute" does not present convincing evidence that the California Supreme Court would disagree with the state's intermediate appellate courts' interpretation of Section 10110.6. *Torres v. United Healthcare Ins. Co.*, No. CV 23-1533-KK-SKX, 2024 WL 3498861, at \*9 (C.D. Cal. June 28, 2024). The district court's textual analysis failed to give proper weight to the statutory definition of "health insurance" found in California Insurance Code Section 106, which defines health insurance as "an individual or group *disability insurance policy* that provides coverage for hospital, medical, or surgical benefits." Cal. Ins. Code § 106 (emphasis added). Additional references to health insurance throughout the Code demonstrate that under California's applicable law, health insurance is included within the umbrella category of "disability insurance." *E.g.*, Cal. Ins. Code § 10111.2(a) (distinguishing a "policy of *disability insurance other than health insurance*, as defined in Section 106" (emphasis added)); Cal. Ins. Code §§ 10176.61(a), 10123.196(a), 10123.83(a), 10123.9, 10126.6(a) (referring to health insurance by its statutory definition of "*disability insurance* polic[ies] ... that cover[] hospital, medical, or surgical expenses." (emphasis added)).

California law establishes that health insurance is a form of disability

insurance for purposes of the California Insurance Code. We vacate the district court's grant of judgment to United and remand to the district court to review Torres's claim de novo in the first instance.

2. The district court did not abuse its discretion when it denied Torres's untimely motion to amend his complaint to add a claim for breach of fiduciary duty. If a party has not demonstrated diligence establishing good cause to amend on an untimely motion, we must deny it. And when a motion to amend is based on information a party possessed "long before the deadline to amend had passed," the party lacks such diligence. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017); Fed. R. Civ. P. 16(b).

Four months before the deadline to amend expired, Torres specifically alleged in his first amended complaint that "[a]ccording to [Torres's] health plan, [United] is obligated to attempt a negotiation with Medical Providers" and that "[United] did not attempt a good faith negotiation." And by his own account, more than nine months before the deadline to amend pleadings, Torres had personally received all the letters and notices from United that generated the alleged duty to negotiate and that notified him of United's refusal to pay an increased share of his medical bills.

We affirm the district court's denial of Torres's motion for leave to amend.

**AFFIRMED in part, VACATED and REMANDED in part.**